DEBORAH SMITH
Acting United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. 3:06-cr-0001-JWS |
| ) | |
| Plaintiff,   ) | |
| ) | **GOVERNMENT'S** |
| vs.   ) | **SENTENCING** |
| ) | **MEMORANDUM** |
| KAREN M. PRESTEGARD,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

COMES NOW the United States of America, by and through counsel, and submits its memorandum for the Imposition of Sentence Hearing scheduled for July 21, 2006.

## I.   INTRODUCTION

As noted in the Addendum to Revised Presentence Report ("PSR") the United States had no objections to the Draft PSR.

The Defendant noted some specific objections to the Draft PSR, including a

challenge to the application of an enhancement to the base offense level pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i), and an objection to the PSR's conclusion that the defendant does not qualify for an acceptance of responsibility adjustment. The defendant's objections are responded to in this memorandum.

The United States agrees with the factual statements and the conclusions set forth in the Revised PSR. The defendant's total offense level is correctly calculated in the Revised PSR at **Level 12** with a criminal history category of **VI**. This results in an advisory sentencing range of **30 to 37 months.** As set forth in the conclusion of this memorandum, the government recommends that the defendant be sentenced to a term of **30 months.**

II.   SENTENCING ISSUES

    A.   The Advisory Sentencing Guideline Range Should be Applied

The government urges that the Court impose a sentence within the final guideline range as calculated by the Revised PSR. In this case, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing.

    B.   The PSR Correctly Applies the Enhancement Provided for in U.S.S.G. § 2B1.1(b)(10)(C)(i).

At discussed at ¶ 31 of the PSR, the defendant's base offense level has been enhanced due to the defendant's unauthorized use of a means of identification (her

daughter's social security number) in order to obtain credit cards. As the PSR Addendum points out, the application notes to this guideline section clearly explain that the enhancement applies to situations such as this. See, U.S.S.G. § 2B1.1, Commentary, Application Note 9(C)(ii). The specific examples set forth in this application note are exactly the same type of conduct which the defendant engaged in here. Accordingly, the enhancement has been properly applied.

  **C.** **The Defendant's Repeated Lies to the Probation Officers Should Result in the Denial of an Acceptance of Responsibility Adjustment**

As explained at ¶ 39 of the PSR, the defendant did not receive a downward adjustment for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1 because she repeatedly lied to the probation officers (both the author of the PSR and her supervising probation officer in Case No. A95-00104 (JWS)) concerning the circumstances of her employment. Specifically, the defendant told the officers that she was placed on "medical leave" by her employer when actually, she had been suspended - and then ultimately fired - after having been confronted by her employer about yet additional fraudulent activity committed by her (Prestegard).[1]

---

 [1] It has been reported that Prestegard fraudulently obtained a credit card through the unauthorized use of her employer's tax ID number. While the fraudulent activity was apparently discovered by the employer as early as September, 2005, the U.S. Probation Office did not learn about it until May 15, 2006, when the defendant's employer was contacted. Thus, the government was

Even after she knew that her employer had discovered the fraud and had suspended her as a result, Prestegard continued to tell the probation officers that she was on "medical leave." Prestegard was ultimately fired on May 3, 2006, but even after that she continued on with the "medical leave" facade with the probation officers.

Thus, at the time that she knew that her unauthorized use of her daughter's social security number to obtain credit cards had been discovered by the government, she also was well aware that her employer had found out about her obtaining the other credit card via the unauthorized use of the employer's tax ID number. By lying to the probation officers about the status of her employment, Prestegard was able to conceal her involvement in the additional fraudulent activity. Such is a far cry from accepting responsibility.

Application Note 1(a) to U.S.S.G. § 3E1.1 notes that "a defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with the acceptance

---

unaware of this additional fraudulent conduct at the time that the charge in this case was filed and at the time that the defendant plead guilty to the charge.

of responsibility." By taking the affirmative step of repeatedly lying to the probation officers about her employment situation - which the defendant no doubt did to conceal the additional fraud she had committed - the government submits that Prestegard has likewise acted "in a manner inconsistent with the acceptance of responsibility" and that she has been properly denied an acceptance of responsibility reduction.

### III. SENTENCING RECOMMENDATION

It goes without saying that Prestegard has compiled an amazing history of theft and violation of trust throughout her adult life.[2] For instance, this does not appear to be the first time that she has victimized a family member. While some might hope that the defendant could still benefit from additional mental health treatment or therapy, the reality is that she simply cannot stop stealing other people's money, and, she's not going to stop at this point in her life. Victimizing her own daughter illustrates the depths to which this woman is willing to descend to in this regard. The court should consider the need to protect the public as a

---

[2] When she appeared before this court for sentencing 10 years ago, she had already amassed 26 criminal history points. Ironically, many of her prior convictions did not count this time around - due to the age of the convictions - for purposes of establishing her criminal history category.

highest priority in sentencing her.[3]

The government recommends that the defendant be sentenced as follows:

(1)  **30 months in custody**;

(2)  **No fine is requested** due to the defendant's inability to pay;

(3)  **Restitution as set forth at ¶ 149 of the PSR is required**;

(4)  **A three (3) year period of supervised release,** and

(5)  **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this  13th  day of July, 2006, at Anchorage, Alaska.

DEBORAH SMITH
Acting United States Attorney

 s/ Joseph W. Bottini
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253,
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

**Certificate of Service**
I declare hereby certify that on July 13, 2006,
 a copy of the foregoing was served electronically
on Richard Curtner, Esq.

  s/ Joseph W. Bottini
Assistant U.S. Attorney

---

[3] In looking at her extensive criminal history, Prestegard seems to specialize in victimizing individuals or small businesses, which of course are those least able to absorb the hit she puts on them.